UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-20719-CIV-COOKE/BANDSTRA

DISABILITY ADVOCATES AND
COUNSELING GROUP, INC., *et al.,*

    *Plaintiffs*,

v.

GOLDEN RESTAURANTS CORPORATION,

    *Defendant.*
_____/

## ORDER DENYING DEFENDANT GOLDEN RESTAURANTS CORPORATION'S MOTION TO DISMISS FOR WANT OF PROSECUTION

This matter is before me on Defendant Golden Restaurants Corporation's Motion to Dismiss for Want of Prosecution [D.E. 34], filed April 11, 2008. After reviewing the motion and the response, I find that the motion should be denied for the reasons that follow.

## BACKGROUND

The Complaint in this case was filed on March 20, 2007. In the Complaint, Plaintiffs allege that Defendant is discriminating against them by failing to comply with the Americans With Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. On October 9, 2007, I issued a scheduling order requiring the parties to file a Joint Pretrial Stipulation by March 28, 2008, and setting the case for trial on my two-week trial period commencing May 12, 2008. The parties failed to file a pretrial stipulation by March 28, 2008. Plaintiff did file, however, a unilateral Pretrial Stipulation on April 11, 2008. Defendant now asks that I dismiss the case because Plaintiffs did not comply with my scheduling order because they failed to timely file the Joint Pretrial Stipulation and for lack of prosecution under Local Rule 41.1 because the last event of record occurred on December 11, 2007.

There are several problems with Defendant's arguments. First, and most importantly, Defendant had as much responsibility as Plaintiffs to file the parties' Joint Pretrial Stipulation. The failure to comply with my scheduling order is as sanctionable against Defendant as it is against Plaintiffs. Second, Local Rule 41.1 is inapplicable given that Defendant filed its motion to dismiss shortly after Plaintiff moved for an extension of time to file the Joint Pretrial Stipulation.[1] At the time of Defendant's filing, the last event of record is Plaintiff's Motion for Enlargement of Time to File Joint Pretrial Stipulation, filed on April 2, 2008 - only nine days before Defendant's motion to dismiss. Furthermore, Local Rule 41.1 allows for the dismissal of a case for lack of prosecution. It does not require dismissal. I will not dismiss this case - a result that would ultimately benefit Defendant - where Defendant has also failed to comply with my scheduling order.

Lastly, Defendant alleges that it has attempted to confer with Plaintiffs on two occasions to discuss discrepancies in Plaintiffs' unilateral draft of the pretrial stipulation. Defendant claims that the exhibits attached to the pretrial stipulation do not appear to be related to this case. Plaintiffs' pretrial stipulation references documents produced by Defendant in response to Plaintiffs' First Request for Production. Defendant claims that Plaintiff never served such a discovery request. Plaintiff also references photographs of the subject property, an expert report, invoices and billing memos, and "Defendant's tenant roster." Defendant notes that the subject property in this case is a restaurant, not a complex with tenants. Defendant also points out that Plaintiffs never produced "invoices" and "billing records" and never identified expert witnesses and expert reports by the October 26, 2007 deadline. In their Response, Plaintiffs deny these allegations. They also argue that, even if Defendant's allegations are true, Defendant should have noted its objections to the specific

---

[1] I would also note that Local Rule 41.1 was repealed four days after Defendant filed its Motion to Dismiss for Want of Prosecution.

exhibits listed. I agree.

Accordingly, Defendant Golden Restaurants Corporation's Motion to Dismiss for Want of Prosecution [D.E. 34] is **DENIED**. The parties are ordered to confer and file a Joint Pretrial Stipulation by May 6, 2008. The failure to do so will result in sanctions against both parties.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 1st day of May 2008.

_____
MARCIA G. COOKE
United States District Judge

cc:
*Honorable Ted E. Bandstra*
*All counsel of record*